**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-4339

ZINA MOORE,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Chief District Judge.
(CR-95-465)

Submitted: March 13, 1997

Decided: March 24, 1997

Before HALL, ERVIN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas K. Berger, Reston, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Gerald J. Smagala, Assistant United States
Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Zina Moore appeals her conviction by jury on the charge of assault on a correctional officer. The charge arose out of an incident occurring at the Occoquan Facility of Lorton Reformatory during which Gloria Pringle, a correctional officer, was slapped by a person she later identified as Moore. Moore alleges on appeal that the district court abused its discretion in denying her motion for a mistrial. The basis for her motion was the prosecution's disclosure at trial, for the first time, of a report written by a Federal Bureau of Investigation agent (the FBI-302 report) based on his interview of Pringle regarding the incident. Moore claims that the FBI-302 report constituted material which was not timely disclosed under the Jencks Act,[1] United States v. Agurs,[2] Giglio v. United States,[3] and Brady v. Maryland,[4] and that the Government's failure to timely disclose the report violated her due process rights. She also claims error on the ground of prosecutorial misconduct based on the prosecutor's allegedly allowing Pringle to present perjured testimony at trial. For the reasons stated below, we find Moore's claims to be without merit.

This Court will reverse the denial of a motion for a mistrial only upon a showing of clear abuse of discretion. United States v. Dorsey, 45 F.3d 809, 817 (4th Cir.), cert. denied, 63 U.S.L.W. 3907 (U.S. June 26, 1995) (No. 94-9433). A defendant must show prejudice in order for the court's ruling to constitute an abuse of discretion. Id.; United States v. West, 877 F.2d 281, 288 (4th Cir. 1989).

The prosecutor presented the FBI-302 report to the defense at trial in an attempt to rehabilitate Pringle with prior consistent statements after the defense brought out certain inconsistencies between Pringle's trial testimony and an incident report she prepared regarding the occurrence. After hearing the arguments of counsel, the district

_____

[1] 18 U.S.C. § 3500 (1994).
[2] 427 U.S. 97 (1976).
[3] 405 U.S. 150 (1972).
[4] 373 U.S. 83 (1963).

judge denied Moore's mistrial motion, but refused to allow the Government to call the FBI agent to whom the FBI-302 report was made, or otherwise to use the report. Moore's attorney did not request a continuance based on the information contained in the FBI-302 report, nor did he otherwise use the FBI-302 report once it was in his possession.

We find that the district court did not abuse its discretion in denying Moore's motion for mistrial. First, the information contained in the FBI-302 report was either cumulative of information already in Moore's possession, or not material to Pringle's ultimate identification of Moore as her assailant. In addition, once Moore had the FBI-302 report, she could have, but did not, use it for impeachment purposes. Finally, the district court's refusal to allow the Government to call the FBI agent to testify, or otherwise to use the FBI-302 report to rehabilitate Pringle, cured any defect caused by the failure to timely provide the document to Moore.

Moore also claims that the prosecution improperly allowed Pringle to perjure herself when she failed to disclose the fact that she had made a third report about the incident to the FBI. It does not appear on the record before this court that Moore lodged any objection or otherwise raised this issue at the district court level, thereby requiring this court to review the claim under the plain error standard. See e.g., United States v. Mitchell, 1 F.3d 235, 239 (4th Cir. 1993). We find that while Pringle's testimony that she had made two reports was in error, it did not constitute perjury. Moreover, even assuming that the failure of the prosecutor to disclose the inaccuracy was improper, such conduct did not violate Moore's right to a fair trial. See Greer v. Miller, 483 U.S. 756, 765 (1987); United States v. Brockington, 849 F.2d 872, 875 (4th Cir. 1988).

Accordingly, we affirm both the district court's denial of Moore's motion for mistrial and Moore's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3